## (November 25, 1940.)

GEORGE N. BLUST, Appellant, *v.* THE YONKERS NATIONAL BANK AND TRUST COMPANY, Respondent.

Judgment of the City Court of Yonkers affirmed, with costs. No opinion.

Adel, Taylor and Close, JJ., concur; Johnston, J., dissents and votes to reverse and to direct judgment for the plaintiff, with opinion; Lazansky, P. J., concurs with Johnston, J.

JOHNSTON, J. (dissenting). From 1924 plaintiff was a depositor in the defendant bank. On July 7, 1924, he executed and delivered to defendant his bond for $12,000, secured by a mortgage. On October 4, 1938, plaintiff was in arrears in the payment of principal and interest and on that date he and his wife executed an assignment of rents to defendant with the usual powers. The assignment contained the following paragraph: " The mortgagee agrees, as part of the consideration for this assignment, that in any action to foreclose either of the two bonds and mortgages enumerated herein, no application for a deficiency judgment

against the mortgagors shall be made and the said mortgagee waives any and all rights to a deficiency judgment by this instrument."

On December 2, 1939, plaintiff's balance in the defendant's bank was $524.24, and on that date defendant applied this sum to the amount due on the bond and mortgage. It is to recover that sum that plaintiff instituted this action.

I do not believe it may reasonably be said that, when the bank agreed not to seek a deficiency judgment, it nevertheless reserved its right to apply plaintiff's deposit to the reduction of the mortgage indebtedness. To give the above provision such an interpretation would be a highly technical construction of the agreement and would frustrate the real intention of the parties. Reading the agreement as a whole and in the light of the circumstances surrounding its execution, and remembering that not until fourteen months after the agreement was delivered — and then only when the defendant went into liquidation and ceased to exist as a national bank — was the deposit applied to the mortgage indebtedness, I am led to the conclusion that upon receiving the assignment of rents the bank intended to look to the property alone for the payment of its mortgage. This conclusion is further supported by the finding of the court " That plaintiff understood by the agreement * * * he was released and relieved from any further payment on such bond and mortgage * * *."

The judgment dismissing the complaint should be reversed and judgment should be directed for plaintiff.

Lazansky, P. J., concurs with Johnston, J.